IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILIP M. KELLY, <br> as Chapter 7 Bankruptcy Trustee in the <br> Matter of John Loghry and Robyn Loghry, <br><br> Plaintiff, <br><br> v. <br><br> LEXXUS INTERNATIONAL, INC., <br> NATURAL HEALTH TRENDS CORP., <br> TERRY LACORE, LISA GROSSMAN, <br> CURTIS BROOME, and <br> MARK WOODBURN, <br><br> Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. **3:06-CV-0561-L** |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant Lisa Grossman's Motion for Summary Judgment, filed November 5, 2007; (2) Defendant Mark Woodburn's Motion for Summary Judgment, filed November 5, 2007; (3) Motion for Partial Summary Judgment of Defendants Lexxus International, Inc., and Natural Health Trends Corp., filed November 5, 2007; and (4) Defendant Terry LaCore's Motion for Summary Judgment, filed November 5, 2007. After carefully considering the motions, briefs, record, and applicable law, the court **grants in part** and **denies in part** Defendant Lisa Grossman's Motion for Summary Judgment; **grants** Defendant Mark Woodburn's Motion for Summary Judgment; **grants** Motion for Partial Summary Judgment of Defendants Lexxus International, Inc., and Natural Health Trends Corp.; and **grants** Defendant Terry LaCore's Motion for Summary Judgment.

## I. Factual and Procedural Background

Plaintiff Philip M. Kelly, Chapter 7 Bankruptcy Trustee in the Matter of John Loghry and Robyn Loghry, filed this action in the United States District Court for the District of Nebraska on August 17, 2005. Plaintiff's claims grow out of the relationship between debtor John Loghry ("Loghry") and Defendants Lexxus International, Inc. ("Lexxus"), Natural Health Trends Corp. ("NHTC"), Terry LaCore ("LaCore"), Lisa Grossman ("Grossman"), Curtis Broome[1] ("Broome"), and Mark Woodburn ("Woodburn").

On February 21, 2006, the Nebraska court transferred this case to this court, and it was thereafter consolidated with case 3:04-CV-1039-L, *Lexxus International, Inc. and Natural Health Trends Corp. v. John Loghry*[2] (the "'04 case"). In the '04 case, Defendant Loghry filed counterclaims and third-party claims against Lexxus, NHTC, Lacore, Woodburn, and Grossman. 3d Amend. Answer, Counterclaim, and Claims Against Add. Parties (May 18, 2005). Loghry brought claims for: breach of contract against Lexxus and NHTC; fraudulent inducement against Lexxus, NHTC, LaCore, and Woodburn; statutory fraud against Lexxus, NHTC, LaCore, and Woodburn; civil conspiracy against LaCore, Woodburn, and Grossman; and tortious interference with existing contractual relations against Grossman.

---

[1] A summons for Defendant Curtis Broome was issued by the Nebraska court on November 21, 2005, but it was never returned executed, and no attorney has appeared on behalf of Broome. On January 8, 2008, The court ordered Plaintiff to effect service on Defendant Broome no later than February 8, 2008 at 5:00 p.m. or to show good cause in writing for the failure or inability to effect service. Plaintiff has done neither. Moreover, no summons was ever issued by the clerk of this court, and it appears that Plaintiff does not intend to serve Defendant Broome. Accordingly, the court, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, **dismisses without prejudice** Plaintiff's claims against Broome for Plaintiff's failure to effect service.

[2] A more detailed procedural history was set out by the court in its March 30, 2007 Memorandum Opinion and Order in the '04 case. As the parties are familiar with the history of this litigation, the court finds it unnecessary to repeat that history in this order.

**Memorandum Opinion and Order - Page 2**

The court dismissed Loghry's claims for statutory fraud and tortious interference on February 2, 2005. Thereafter, the court considered motions to dismiss some of these claims in the '04 case, and on November 16, 2005, it held that Loghry was judicially estopped from asserting his breach of contract claims because he failed disclose the claims in his bankruptcy petition and schedules and the bankruptcy court accepted and relied upon these documents. On March 30, 2007, the court determined that Loghry did not have standing to assert claims for fraudulent inducement and civil conspiracy, but that the Bankruptcy Trustee did. The '04 case was dismissed by the court on June 22, 2007, and this case was severed and reopened as a separate case.

The live pleading in this case is the Complaint filed August 17, 2005. Kelly, as Bankruptcy Trustee, brings claims similar to those alleged by Loghry in the '04 action. Specifically, Kelly asserts claims for: breach of contract related to a distributorship agreement against Lexxus and NHTC; breach of contract related to a stock agreement against Lexxus and NHTC; fraudulent inducement against Lexxus, NHTC, Woodburn, and LaCore; civil conspiracy against LaCore, Woodburn, Broome, and Grossman; and tortious interference with existing contractual relations against Grossman and Broome.

Defendants Grossman, Woodburn, LaCore, Lexxus, and NHTC have moved for summary judgment on the claims brought against them. The court now turns to these motions, and will examine the allegations and the evidence presented by the parties with respect to each claim in its analysis of each claim.

## II. Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see*

**Memorandum Opinion and Order - Page 4**

*also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.     Analysis

#### A.     Breach of Contract

Plaintiff asserts two claims of breach of contract against Defendants Lexxus and NHTC. First, Kelly alleges that these Defendants violated a distributorship agreement with Loghry. This agreement purportedly allowed that Loghry would be the "master distributor" for Lexxus, and that he would receive positions 1001-1014 in the Lexxus distribution network, which he could activate or sell for his personal benefit. Compl. ¶ 33. Plaintiff alleges that Defendants breached this agreement by:

> (1) adding a second frontline distributor to the Lexxus network; (2) placing international distributors outside of Loghry's downline; (3) wrongfully terminating Loghry's distributorship; and (4) failing to pay Loghry the commissions to which he was entitled from the sale of Lexxus products by his downline distributors.

*Id*. ¶ 35. Plaintiff's second contract claim alleges the breach of a stock agreement, whereby Defendants allegedly agreed to convey one million shares of NHTC stock to Loghry in exchange for "Loghry's promise to identify and recruit major MLM leaders to attend the Las Vegas Kick-Off event and to continue developing the Lexxus distribution network." *Id*. ¶ 38.

Defendants Lexxus and NHTC have moved for summary judgment on the stock agreement claim in its entirety and the first claim to the extent Plaintiff alleges a breach based upon the addition of a frontline distributor (Steve Francisco) because they contend that these claims are barred by the applicable statute of limitations. Plaintiff argues that these claims are timely because Loghry learned about these breaches of contract within the limitations period.

The parties agree that Nebraska law governs these claims, and that a four-year statute of limitations applies to contract claims under Nebraska law. Neb. Stat. § 25-206. Both sides cite *Snyder v. Case*, in which the Supreme Court of Nebraska noted: "A cause of action in contract accrues at the time of the breach or failure to do the thing agreed to." 611 N.W.2d 409, 415 (2000). The parties dispute when Loghry learned of Defendants' alleged breaches. Plaintiff's complaint was filed August 17, 2005 and Defendants argue that all of the breaches alleged by Plaintiff occurred prior to August 2001.

### 1. Distributorship Agreement

As to the first claim, Defendants argue that Loghry learned that an additional frontline distributor was added because he knew that Steve Francisco occupied distributor position number 1014 in April of 2001. They point to Plaintiff's allegations and interrogatory answers, as well as Loghry's deposition testimony in the '04 case. Plaintiff responds that Defendants' arguments are misplaced, and that he has alleged a breach of an agreement between Loghry, Lexxus, and Francisco in which Francisco would operate position 1014 in exchange for Loghry receiving 25% of the commissions from the position. Kelly asserts that this three-party agreement amended or changed the distributorship agreement between Loghry and Lexxus, and that the breach occurred in June 2002 when Lexxus ordered Francisco to stop paying Loghry 25% of the commissions. In their

reply, Defendants argue that Plaintiff's argument about a three-party agreement including Francisco is an entirely new argument raised for the first time in response to the motion for summary judgment.

The court has reviewed the evidence submitted by both parties and Plaintiff's complaint and determines that Plaintiff is attempting to salvage his claim by relying on allegations that he never pleaded. The complaint does not make any reference to any agreement with Francisco or to any change or amendment to his distributorship agreement with Lexxus, and Plaintiff has not moved to amend his complaint to add such a claim. Accordingly, Defendants are correct in arguing that there is no genuine issue of material fact as to Kelly's claim for breach for "adding a second frontline distributor to the Lexxus network." Any breach based on the "second frontline distributor" accrued in April of 2001, more than four years before Plaintiff filed this action. As there is no genuine issue of material fact that the four-year statute of limitations bars this ground as a basis of recovery for breach of contract, Defendants are entitled to judgment as a matter of law. Defendants have not moved for summary judgment on the remainder of the grounds pleaded as count one, and thus they remain for trial.

### 2. Stock Agreement

Defendants also argue that count two, for breach of contract related to a stock agreement, is also barred by the statute of limitations. They contend that Loghry knew no later than April 2001 that Lexxus and NHTC would not convey any NHTC stock to him, outside the four-year limitations period. They argue that the evidence shows that Loghry learned of any alleged breach during the

**Memorandum Opinion and Order - Page 7**

Las Vegas Kick-Off event over Easter weekend 2001.³ Plaintiff argues that Loghry did not learn until after the Las Vegas event that he would not receive stock, and that a later e-mail message shows that Loghry still expected to receive stock after that time.

The court has reviewed the evidence submitted by the parties, as well as the live pleading, and concludes that as in count one, Plaintiff seeks to expand his claim beyond that which was pleaded in an attempt to escape summary judgment. The complaint describes the Las Vegas Kick-Off party and states:

> While Loghry, Gray, Woodburn and LaCore were in conversation on the patio of the hotel suite, LaCore informed Loghry that LaCore did not have an agreement for Loghry to sign, nor did he have the promised stock certificates. **When questioned further, LaCore indicated that no stock would be conveyed to Loghry**.

Compl. ¶ 20 (emphasis added). Defendants have presented evidence consistent with this allegation, including Loghry's own deposition testimony that he was promised that he would receive the stock at the Las Vegas Kick-Off event, which occurred in April 2001. Defs.' App. 74. Plaintiff's attempt to show that Loghry only learned that he would not receive the stock *that night* is unpersuasive in light of his pleadings and other deposition testimony. The e-mail referred to by Plaintiff was not submitted with his brief, and at best demonstrates that a few weeks after the Las Vegas Kick-Off, Loghry still hoped he would receive some stock. The pleadings and evidence, however, establish the Las Vegas event as the time for performance, and accordingly, for any alleged breach by Lexxus and NHTC.

---

³In 2001, Easter fell on Sunday, April 15. Defendants Lexxus and NHTC argue in the alternative that the latest that Loghry learned that he would not receive stock was May 3, 2001. The court has reviewed Defendants' appendix and can find no specific reference to a statement by Loghry that he learned that he would not receive stock on May 3, 2001. The court determines that Plaintiff's own pleadings establish that he learned at the Las Vegas Kick-Off that he would not receive NHTC stock. Accordingly, the court finds that Loghry knew of this alleged breach no later than April 2001.

**Memorandum Opinion and Order - Page 8**

Because Loghry would have learned of a breach no later than April 2001, the court determines that this contract claim is barred by the statute of limitations because it accrued more than four years before Plaintiff filed his complaint. Accordingly, there is no genuine issue of material fact that the four-year statute of limitations bars Plaintiff's breach of contract claim with respect to the stock agreement, and Defendants are entitled to judgment as a matter of law on this claim.

### B.     Fraudulent Inducement

Plaintiff also brings a claim of fraudulent inducement against Defendants Lexxus, NHTC, Woodburn, and LaCore, arguing that these Defendants made material representations to Loghry that they would give him one million shares of NHTC stock in exchange for his efforts in recruiting distributors. Compl. ¶ 43. He contends that Loghry recruited distributors to attend the Las Vegas Kick-Off event only to have Defendants "pull the rug out from under him" after the event. *Id.* ¶ 44.

Under Nebraska law, limitations period for a fraud claim is also four years:

> [A]n action for fraud must be brought within 4 years of when the cause of action accrues. Such action does not accrue, however, until there has been a discovery of the facts constituting the fraud, or facts sufficient to put a person of ordinary intelligence and prudence on an inquiry which, if pursued, would lead to such discovery.

*NECO, Inc. v. Larry Price & Assocs., Inc.*, 597 N.W.2d 602, 607 (Neb. 1999) (citing *Bowling Assocs., Ltd. v. Kerrey,* 562 N.W.2d 714 (1997)). Defendants argue that this claim, like the contract claims, is barred by the four-year statute of limitations because Loghry knew no later than April 2001 that Defendants would not be giving him NHTC stock. Plaintiff argues that the evidence simply shows that Loghry only learned he would not receive stock on that date, and that his claim

is also based upon representations that Loghry would be the master distributor and own certain upline positions.

The court has reviewed the pleadings and considered the parties' arguments. The court determines that Plaintiff's claim, as pleaded, is based solely upon the alleged failure to pay Loghry one million shares of NHTC stock. Plaintiff's description in his response brief does not change the claim as pleaded. For the same reasons that the stock agreement contract claim is barred by the statute of limitations, so too is the claim for fraudulent inducement. Loghry knew no later than May 3, 2001 that he would not receive the NHTC stock, and therefore this claim also accrued more than four years prior to the time Kelly filed this lawsuit. Accordingly, there is no genuine issue of material fact regarding the four-year statute of limitations and Defendants are entitled to judgment as a matter of law of Plaintiff's fraudulent inducement claim.

### C. Tortious Interference

Kelly contends that Defendants Grossman and Broome tortiously interfered with an existing contract between Loghry, Lexxus, and NHTC. He alleges that these Defendants recruited or arranged "for other Lexxus distributors to sign false and/or misleading statements alleging that Loghry had violated company policy in order to have his distributorship terminated." Compl. ¶ 50. Grossman argues that this claim should be dismissed for the same reasons that the court dismissed Loghry's tortious interference third party claim against her in the '04 case.

In the court's earlier order, applying Texas law, the court dismissed Loghry's third party claim against Grossman for tortious interference on a Rule 12(c) motion, holding that Loghry failed to plead that: "Grossman, Plaintiffs' agent, acted solely in furtherance of her own personal interest, but rather to support the actions of Plaintiffs. . . . Since Plaintiffs cannot tortiously interfere with

their own contract, Loghry can prove no set of facts to establish that he is entitled to relief on this claim . . . ." Order (Feb. 2, 2005), 13-14. Kelly argues now that Grossman is not an agent of Lexxus, but instead, as a distributor, is an independent contractor, and the court's earlier analysis does not apply. Plaintiff has also produced evidence from Lexxus policies that distributors are independent contractors, and that Lexxus explicitly denies that they are agents.

Because this case was transferred from Nebraska pursuant to section 1404(a), unlike in the '04 case that was filed in this court, Nebraska law applies to this claim. *Ferens v. John Deere Co.*, 494 U.S. 516, 523-25 (1990). A similar result would be reached under Nebraska law because Loghry failed to allege that Grossman acted with any personal motive. *Huff v. Swartz*, 606 N.W.2d 461, 468 (Neb. 2000) ("We . . . hold that in order to constitute actionable interference with an employment relationship, actions of a coemployee must be shown to have been committed in furtherance of some purpose other than the lawful purposes of the employer.").

Grossman argues that because the law is similar in Texas and Nebraska, Kelly's claim must fail because as Trustee, he stands in the shoes of Loghry, and cannot raise a superior claim. The court determines, however, that Grossman's argument raises form over substance. Plaintiff has put forth evidence that Grossman was an independent contractor, not an agent, and that she had a personal motive in interfering with Loghry's contracts. Loghry's claim was dismissed in the prior case on a 12(c) motion, and Grossman makes this argument in the context of a Rule 56 summary judgment motion with additional evidence before the court. Because the legal standard is different, and there is evidence that raises a genuine issue of material fact now before the court, Grossman is not entitled to judgment as a matter of law on this claim, and her motion must be denied as to this claim.

**Memorandum Opinion and Order - Page 11**

### D. Civil Conspiracy

Finally, Plaintiff asserts a claim of civil conspiracy against Defendants LaCore, Woodburn, Broome, and Grossman. Plaintiff alleges that these Defendants "agreed on a course of action designed to induce Loghry" and other to recruit distributors and develop the Lexxus distribution network. Compl. ¶ 47. Defendants argue that this claim must be dismissed because civil conspiracy is not an independent tort, and Plaintiff's remaining tort claims also fail.

Under Nebraska law, conspiracy "is not a separate and underlying tort in itself, but, rather, is dependent upon the existence of an underlying tort. Without such underlying tort, there can be no cause of action for a conspiracy to commit the tort." *Hatcher v. Bellevue Volunteer Fire Dep't*, 628 N.W.2d 685, 696 (Neb. 2001). Accordingly, to the extent Plaintiff alleges a civil conspiracy based upon the fraudulent inducement of Loghry to recruit for and develop the Lexxus distribution network, such claim must be dismissed because the court has found that the underlying tort is time-barred. Kelly's civil conspiracy claim as pleaded also includes allegations relating to his tortious interference claim. To the extent that the court has not dismissed that claim, a civil conspiracy claim against Grossman may move forward because there are remaining fact issues with respect to the tortious interference claim.

## IV. Conclusion

For the foregoing reasons, the court determines that there is no genuine issue of material fact as to Plaintiff's claims for: (1) breach of contract for "adding a second frontline distributor to the Lexxus network" against Lexxus and NHTC; (2) breach of contract for any stock agreement against Lexxus and NHTC; (3) fraudulent inducement against Lexxus, NHTC, Woodburn, and LaCore; and (4) civil conspiracy against LaCore and Woodburn. Therefore, the court **dismisses** these claims

**with prejudice**. The court **grants in part** and **denies in part** Defendant Lisa Grossman's Motion for Summary Judgment; **grants** Defendant Mark Woodburn's Motion for Summary Judgment; **grants** Motion for Partial Summary Judgment of Defendants Lexxus International, Inc., and Natural Health Trends Corp.; and **grants** Defendant Terry LaCore's Motion for Summary Judgment. The court also **dismisses without prejudice** this action as to Defendant Curtis Broome. Remaining for trial are: (1) the remainder of count one, breach of contract against Defendants Lexxus and NHTC; (2) the tortious interference claim against Grossman; and (3) the civil conspiracy claim against Grossman.

**It is so ordered** this 13th day of February, 2008.

Sam A. Lindsay
United States District Judge